TERRELL, Acting Chief Justice.
Appellant was tried for murder in the first degree. He was convicted of murder in the second degree and sentenced to a term of twenty-five years at hard labor in the state penitentiary. We are confronted with an appeal from that judgment.
It is contended that the trial court committed error in permitting the introduc-duction in evidence of a photograph of the deceased.
There is no merit to this contention. The trial Court inspected the photograph before it was admitted in evidence, there was nothing gruesome or hideous about it to arouse the passion of the jury and if there had been, there was ample evidence beside the photograph to support the conviction. Appellant admitted that he made no effort to avoid the killing and he was not defending his home. There is some contention that he was liquored up and not responsible when he fired the fatal shot, but we find no support for this contention. There was conclusive proof that defendant was guilty, and even if error had been committed in the introduction of evidence, it was harmless. Daugherty v. State, 154 Fla. 308, 17 So.2d 290; Goddard v. State, 143 Fla. 28, 196 So. 596.
It is next contended that the trial court committed error in permitting the jury to separate after the case had been finally submitted to them and before they concluded their deliberation and returned the verdict.
We have examined the record in support of this contention and it does not conclusively show that the jury separated after it retired to consider its verdict. It is shown that they took a recess for lunch and on return proceeded to the jury room, but this does not show a separation. The old rule in capital cases, since replaced by the criminal code, was that separation of the jurors raised a presumption of injury necessary for the state to rebut by proof that the accused suffered no injury from the separation. Section 920.05, F.S.A. appears to have modified this rule as to both capital and non-capital cases, in that it provides for a new trial in case the jury is separated after retiring to consider their verdict “provided the substantial rights of the defendant have been prejudiced”. There is no presumption of injury, so if appellant claims injury, he must prove it.
Appellant has not carried the burden of showing injury so the judgment appealed from must be and is hereby affirmed.
Affirmed.
ROBERTS, MATHEWS, and DREW, JJ., concur.